**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LATICIA FARLEY : | |
|     Plaintiff : | |
|     vs. : | C.A. #02- |
| PHILADELPHIA HOUSING AUTHORITY, : | |
| TRACEY SELLERS, PAMELA DUNBAR, : | |
| JACQUELINE McDOWELL : | |
| & CARL GREENE : | |
|     Defendants : | |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

1. The plaintiff has instituted this action, pursuant to 42 U.S.C. Section 1983, and the U.S. Housing Act, 42 U.S.C. Section 1437, against the defendants for declaratory and injunctive relief directing defendants to:

    a) Comply with the grievance process mandated by 24 C.F.R. Sections 966.5 *et seq.*;

    b) Comply with the provisions of the consent decree in <u>Brown, et al. v. PHA, et al.</u>, C.A. #72-2083 (E.D. Pa. 1974 *as amended* 1979); and

    c) Comply with the provisions of the consent decree in <u>Goodmond v. PHA, et al.</u>, C.A. #75-777 (E.D. Pa. 1979) (Green, J.).

2. The plaintiff also seeks compensatory and punitive damages for the defendants' violations of the plaintiff's due process rights.

3. The plaintiff also seeks repairs to her public housing rental unit as mandated by:

    a) The lease agreement between the parties;

    b) Pennsylvania common law;

    c) The consent decree in <u>Goodmond, et al. v. PHA, et al.</u>, C.A. #75-777 (E.D. Pa. 1979) (Green, J.); and

    d) The U.S. Housing Act and the supporting federal regulations.

  4. The plaintiff also seeks damages under the Pennsylvania Unfair Trade Practices Act, 73 P.S. Section 201-1 *et seq*.

## II. JURISDICTION

  5. Jurisdiction is conferred on this court by 28 U.S.C. Sections 1331, 1343(2), (3) and (4), and 2201 and 2202.

  6. Plaintiff seeks supplemental jurisdiction over her Pennsylvania state law claim pursuant to 28 U.S.C. § 1367.

## III. PARTIES

  7. Laticia Farley is an adult individuals residing at 2616 N. Stanley Street, Philadelphia, Pennsylvania.

  8. The Philadelphia Housing Authority (hereinafter "PHA") is a body, corporate and politic, exercising the public powers of the Commonwealth of Pennsylvania as an agency thereof and having the statutory right to sue and be sued. Its main office is located at 20l2 Chestnut Street, Philadelphia, Pennsylvania.

  9. Pamela Dunbar is the PHA area manager for the area of the city in which the plaintiff's PHA unit is located. She is responsible to see that the unit is kept in safe, decent and sanitary condition. She is also responsible to see that the plaintiff's manager properly carries out the responsibilities of her job and that PHA complies with the appropriate laws, regulations and

consent decrees. Her office is located at 2724 Oxford Street, Philadelphia, Pennsylvania. She is being sued in both her official and individual capacities.

10. Tracey Sellers is the PHA manager for the plaintiff's PHA unit. She is responsible to see that the unit is kept in safe, decent and sanitary condition. She is also responsible to see that PHA complies with the appropriate laws, regulations and consent decrees. Her office is located at 2724 Oxford Street, Philadelphia, Pennsylvania. She is being sued in both her official and individual capacities.

11. Jacqueline McDowell is the general manager of the PHA scattered site program. She is responsible to see that the plaintiff's PHA unit is kept is safe, decent and sanitary condition. She is also responsible to see that Tracey Sellers and Pamela Dunbar properly carry out the responsibilities of their jobs and that PHA complies with the appropriate laws, regulations and consent decrees. Her office is located at 12 S. 23rd Street, Sixth Floor, Philadelphia, Pennsylvania. She is being sued in both her corporate and individual capacities.

12. Carl Greene is the executive director of PHA. He is responsible to see that the plaintiff's PHA unit is kept is safe, decent and sanitary condition. He is also responsible to see that Tracey Sellers, Pamela Dunbar and Jacqueline McDowell properly carry out the responsibilities of their jobs and that PHA complies with the appropriate laws, regulations and consent decrees. His office is located at 12 S. 23rd Street, Sixth Floor, Philadelphia, Pennsylvania. He is being sued in both his corporate and individual capacities.

## IV. FACTS

13. Laticia Farley is a long time PHA tenants residing in a PHA scattered site rental unit at 2616 Stanley Street, Philadelphia, Pennsylvania (hereinafter "rental unit"), a public housing rental unit that is owned and operated by the Philadelphia Housing Authority.

14. The plaintiff's rental unit required repairs. As a result, on or about August 30, 2001 the plaintiff filed an administrative grievance hearing request as well as amended administrative grievance hearing request on October 27, 2001 and December 12, 2001, pursuant to the federal regulations and the <u>Brown</u> consent decree, seeking repairs. Copies of that grievance hearing request and the amended request are attached hereto as Exhibit "A".

15. A grievance arbitration hearing was scheduled for March 26, 2002, and a grievance award was entered on March 28, 2002, that provided for repairs to the plaintiff's rental unit. A copy of the award is attached hereto as Exhibit "B".

16. The award directed the defendants to complete all repairs to the plaintiff's rental unit within 30 days.

17. Thirty days from the date of the hearing was April 25, 2002.

18. When defendants failed to comply with the award by failing to make three of the four mandated repairs, counsel for plaintiff notified counsel for defendants, by letter dated April 30, 2002 that this action would be filed unless the defendants brought themselves into compliance with the award by May 30, 2002. A copy of that letter is attached hereto as Exhibit "C".

19. As of the date of the filing of this complaint, the defendants have not complied with the award in that they have not:

   a) Sanded the ceiling and walls in the third floor back bedroom; and

   b) Replaced the house heater.

20. Neither plaintiff nor plaintiff's counsel has received any response to the letter of April 30, 2002.

21. The actions and inactions of the defendants have been negligent, willful, wanton,

intentional, outrageous and in reckless disregard of the plaintiff's rights.

22. As a result of the actions and inactions of the defendants, the plaintiff has been forced to expend additional funds from her scarce income.

## V. CLAIMS

23. The actions and inactions of the defendants have violated the plaintiff's due process rights, 42 U.S.C. Section 1983 and the U.S. Housing Act in that:

    a. The defendants have failed and refused to comply with the grievance process in violation of <u>Brown</u> and 24 C.F.R. Sections 966.5 et seq.

    b. The defendants have failed and refused to provide decent, safe and sanitary housing as required by 42 U.S.C. Section 1437 and 24 C.F.R. Section 966.4(e)(1)-(7).

    c. The defendants have failed to promptly make repairs as required by the <u>Goodmond</u> consent decree.

24. The actions and inactions of the defendants have violated the rights of the plaintiff under 73 P.S. Section 201.1 et seq.

25. The actions and inactions of the defendants have violated the plaintiff's rights pursuant to:

    a) The lease agreement between the parties;

    b) Pennsylvania common law;

    c) The consent decree in <u>Goodmond, et al. v. PHA, et al.</u>, C.A. #75-777 (E.D. Pa. 1979) (Green, J.); and

    d) The U.S. Housing Act and the supporting federal regulations.

**WHEREFORE**, the plaintiff prays that this Honorable Court grant relief as follows:

    a. Declare that the defendants have violated the plaintiff's due process rights,

42 U.S.C. Section 1983 and the U.S. Housing Act and the supporting regulations.

  b.  Direct the defendants to, forthwith, bring themselves into compliance with the March 28, 2002 grievance award.

  c.  Direct the defendants to bring themselves into compliance with the consent decree in <u>Brown</u>.

  d.  Direct the defendants to bring themselves into compliance with the <u>Goodmond</u> consent decree.

  e.  Direct the defendants to make the repairs to the plaintiff's rental unit.

  f.  Award punitive and compensatory damages to plaintiff.

  g.  Award reasonable attorneys fees to counsel for the prosecution of this action.

  h.  Grant such additional and alternative relief as may be deemed just and proper.

---

Michael Donahue, Esquire
Community Legal Services
1424 Chestnut Street
Philadelphia, PA  19102
Tele:  (215) 981-3700
Counsel for Plaintiff