## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

LATICIA FARLEY             :
     **Plaintiff**                 :
         vs.                   : C.A. #02-5129
**PHILADELPHIA HOUSING AUTHORITY,**   :
   **et al.**                       :
     **Defendants**             :

## O R D E R

**AND NOW,** this     day of      , 2003, upon consideration of the plaintiff's motion to enforce and any response thereto, the motion is hereby granted.  It is hereby ordered that defendants shall bring themselves into full compliance with the settlement stipulation in the above matter by:

     1.  Issuing a check to Laticia Farley in the amount of 123.20, plus interest at the rate of 6 percent per annum for the period of time from December 15, 2002 through the date of the receipt of the funds, representing the 10% rent abatement for the period of time from April 26, 2002 through September 30, 2002; and

     2.  Issuing a check to Community Legal Services, Inc. in the amount of $500.00, plus interest at the rate of 6% per annum for the period of time from December 15, 2002 through the date of the receipt of the funds.

It is further ordered that plaintiff is awarded reasonable attorneys for the prosecution of this motion.  If the parties cannot reach an agreement on the amount of attorneys fees, plaintiff shall file her motion to determine the amount of attorneys fees within 30 days of the date of entry of this order.

**BY THE COURT:**


_____
**U.S. DISTRICT COURT JUDGE**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

LATICIA FARLEY                     :
    **Plaintiff**                :
    **vs.**                     : **C.A. #02-5129**
**PHILADELPHIA HOUSING AUTHORITY,**  :
    **et al.**                :
    **Defendants**            :

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

1. The plaintiff commenced the above-captioned matter by filing a complaint in July of 2002, seeking to enforce various subsidized housing rights.

2. The parties entered into a stipulation in settlement in October of 2002. The stipulation was approved by the Court on October 23, 2002 and was docketed on October 24, 2002. A copy of the stipulation is attached hereto as Exhibit "A".

3. By letter dated October 30, 2002, counsel for plaintiff served a copy of the fully executed stipulation upon counsel for defendants. A copy of that letter is attached hereto as Exhibit "B".

4. Pursuant to paragraph 2 of the stipulation defendants were required to issue a rent abatement check to the plaintiff by December 15, 2002 for rent abatements for the period of time from April 26, 2002 through September 30, 2002.

5. Plaintiff believes and therefore avers that the rent abatement comes to $123.20.

6. Pursuant to paragraph 3 of the stipulation, defendants were required to issue a check by December 15, 2002 to Community Legal Services in the amount of $500.00 for the prosecution of this action.

7. When the neither the rent abatement funds or the attorneys fees were received, counsel for plaintiff notified counsel for defendant, by letter dated December 30, 2002 that this motion would be filed unless the funds were received by January 29, 2003. A copy of that letter is attached hereto as Exhibit "C".

8. As of the date of the filing of this motion, the defendants have failed and refused to make payment of the rent abatement funds and have failed to make payment of the attorneys fees.

**WHEREFORE**, the plaintiff prays that this Honorable Court enter relief as follows:

    a. Direct the defendants to bring themselves into full compliance with the settlement

stipulation.

    b. Award reasonable attorneys fees for the prosecution of this motion.

    c. Grant such additional and alternative relief as may be deemed just and proper.

Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiff

I, LATICIA FARLEY _____, am the PETITIONER _____

in the foregoing MOTION TO ENFORCE _____ and I declare

(certify, verify, or state) under the penalty of perjury under

the laws of the United States of America that the foregoing is

true and correct.

DATE: 2/21/03 _____                    Laticia Farley _____

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

LATICIA FARLEY                          :
    Plaintiff                      :
    vs.                            : C.A. #02-5129
PHILADELPHIA HOUSING AUTHORITY,         :
  et al.                              :
    Defendants                      :

## MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE

## I. INTRODUCTION

Laticia Farley commenced the above-captioned matter by filing a complaint in July of 2002, seeking to enforce various subsidized housing rights. The parties entered into a stipulation in settlement in October of 2002. The stipulation was approved by the Court on October 23, 2002 and was docketed on October 24, 2002. By letter dated October 30, 2002, counsel for plaintiff served a copy of the fully executed stipulation upon counsel for defendants.

Pursuant to paragraph 2 of the stipulation defendants were required to issue a rent abatement check to the plaintiff by December 15, 2002 for rent abatements for the period of time from April 26, 2002 through September 30, 2002. Plaintiff believes and therefore avers that the rent abatement comes to $123.20. Pursuant to paragraph 3 of the stipulation, defendants were required to issue a check by December 15, 2002 to Community Legal Services in the amount of $500.00 for the prosecution of this action.

When the neither the rent abatement funds or the attorneys fees were received, counsel for plaintiff notified counsel for defendant, by letter dated December 30, 2002 that this motion would be filed unless the funds were received by January 29, 2003. As of the date of the filing of this motion, the defendants have failed and refused to make payment of the rent abatement funds and have failed to make payment of the attorneys fees.

## II. DISCUSSION

Settlement is a judicially favored manner for terminating litigation. Petty v. General Accident Fire and Life Assurance Co., 365 F.2d 419, 421 (3rd Cir. 1966). The authority of the trial court to enforce the settlement agreement has its foundation in the policy favoring the

amicable adjustment of disputes in the avoidance of costly and time-consuming litigation. <u>Rosso v. Foodsales, Inc.</u>, 500 F. Supp. 274, 276 (E.D. Pa. 1980). Voluntary settlements of civil controversies are specifically enforceable and are broadly interpreted. <u>Pennwalt Corp. v. Plough, Inc.</u>, 676 F.2d 77 (3rd Cir. 1982). The settlement agreement itself should be interpreted as a contract between the parties. <u>Penwalt</u>, <u>supra</u>. Breach of the settlement agreement can result in damages or specific performance. <u>Village of Kaktovik v. Watt</u>, 689 F.2d 222, 223 (U.S. App. D.C. 1982); <u>Howard v. Chris-Craft, Corp.</u>, 562 F.Supp. 932 (D. Tex. 1982); and <u>In re Kiki, Ltd.</u>, 35 B.R. 175 (Bankr. Hawaii 1983).

In the instant case, Laticia Farley seeks specific performance of the settlement agreement. In addition, due to the fact that this action was initially filed under 42 U.S.C. Section 1983, the plaintiff also seeks an award of reasonable attorneys fees for the prosecution of this motion.

## III. CONCLUSION

In light of the above, the plaintiff prays that this Honorable Court direct the defendants to bring themselves into compliance with the settlement stipulation in the above-captioned matter

Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LATICIA FARLEY,                     :
       Plaintiff              :
                      :      CIVIL ACTION
    vs.                             :
                      :      NO.  02-5129
PHILADELPHIA HOUSING AUTHORITY,     :
  et al.,                          :
       Defendants              :

## STIPULATION IN SETTLEMENT

It is hereby stipulated by and between Michael Donahue, Esquire, counsel for the

plaintiff in the above-captioned matter, and Roger K. Ciafre, Esquire, counsel for the

defendants in the above-captioned matter, as follows:

1.     The parties to this stipulation have been advised of and have consented to its

       terms and provisions.

2      The plaintiff shall receive a 10% rent abatement for the period of time from

       April 26, 2002 through September 30, 2002.  Payment of the rent abatement

       funds shall be made by December 15, 2002.

3.     By December 15, 2002, PHA shall pay Community Legal Services, Inc.

       $ 500.00 as attorneys fees for the prosecution of this action.

4.     The terms and provisions of this stipulation shall be entered as an order of the

       Court.

docket to stats

"A"

OCT-23-2002  20:40        CHAM J SCHILLER                    267 299 5073     P.03

5.    Upon the entry of the order, this matter shall be marked settled, discontinued

and ended.

_____    10/21/02
MICHAEL DONAHUE
Counsel for Plaintiff

Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
(215) 981-3700


_____
ROGER K. CIAFRE
Counsel for Defendants

Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103
(215) 684-4120


Approved

10-23-02

 **COMMUNITY**
LEGAL SERVICES, INC.

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

October 30, 2002

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103

                    Re:    Laticia Farley v. PHA, et al.
                           C. A. No. 02-5129

Dear Mr. Ciafre:

Enclosed please find a court-approved copy of the settlement stipulation in the above-captioned matter.  Please take the appropriate steps to ensure that PHA complies.

Please provide me with a copy of Ms. Farley's rent account history for the period of time from April to September of 2002 so that we can reach agreement on the amount of the rent abatement.

                    Yours truly,

                    *[signature]*

                    MICHAEL DONAHUE

MD:gft
Enclosure

"B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LATICIA FARLEY,                           :
             Plaintiff             :
                              :   CIVIL ACTION
     vs.                                  :
                              :   NO. 02-5129
PHILADELPHIA HOUSING AUTHORITY,  :
  et al.,                                 :
             Defendants            :

## STIPULATION IN SETTLEMENT

    It is hereby stipulated by and between Michael Donahue, Esquire, counsel for the

plaintiff in the above-captioned matter, and Roger K. Ciafre, Esquire, counsel for the

defendants in the above-captioned matter, as follows:

1.    The parties to this stipulation have been advised of and have consented to its

     terms and provisions.

2     The plaintiff shall receive a 10% rent abatement for the period of time from

     April 26, 2002 through September 30, 2002.  Payment of the rent abatement

     funds shall be made by December 15, 2002.

3.    By December 15, 2002, PHA shall pay Community Legal Services, Inc.

     $ 500.00 as attorneys fees for the prosecution of this action.

4.    The terms and provisions of this stipulation shall be entered as an order of the

     Court.

docket to stats

5. Upon the entry of the order, this matter shall be marked settled, discontinued and ended.

_____  10/21/02
MICHAEL DONAHUE
Counsel for Plaintiff

Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
(215) 981-3700

_____
ROGER K. CIAFRE
Counsel for Defendants

Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103
(215) 684-4120

Approved

10-23-02



# COMMUNITY
LEGAL SERVICES, INC.

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

December 30, 2002

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103

Re:    Laticia Farley v. PHA, et al.
       C.A. No. 02-5129

Dear Mr. Ciafre:

Ms. Farley has not received payment of the rent abatement in the above-captioned matter, and Community Legal Services has not received payment of the attorney's fees. Payment of both the abatement and the attorney's fees was due by December 15, 2002.

Accordingly, I must adopt the position that unless payment of these funds is received within thirty days of the date of this letter, I will have no choice but to file a motion to enforce the settlement agreement in the above-captioned matter. I hope that further litigation will not be necessary.

If you believe that PHA has fully complied with the stipulation, please provide appropriate documentation of this. Also, please feel free to contact me if you wish to discuss this matter. Finally, I would appreciate it if you could provide me with a copy of Ms. Farley's rent account history for the period of time from April through September of 2002, so that we can reach an agreement on the amount of the abatement check.

Yours truly,

MICHAEL DONAHUE

"C"

MD:gft

cc:    Ms. Laticia Farley

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

LATICIA FARLEY                  :
    Plaintiff               :
    vs.                    :  C.A. #02-5129
PHILADELPHIA HOUSING AUTHORITY,  :
    et al.               :
    Defendants         :

### CERTIFICATION OF SERVICE

Michael Donahue, Esquire, counsel for the plaintiff in the above matter, hereby certifies that

he served a copy of the plaintiff's motion to enforce settlement agreement, the plaintiff's first set

of continuing interrogatories to PHA pursuant to plaintiff's motion to enforce the settlement

stipulation in the above matter, and the plaintiff's first continuing request for production of

documents to PHA pursuant to plaintiff's motion to enforce in the above matter upon the

following parties, by letter dated February 24, 2003, mailed by first class mail, postage prepaid,

to the following address:

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
2012 Chestnut Street
Philadelphia, PA 19103
Counsel for Defendants

Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiff